**STATE of Missouri, Respondent,**

v.

**Donald Lee MATTHEWS, Appellant.**

**No. 53141.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 29, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 27, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction for stealing under $150 with two prior stealing convictions. He was sentenced to ten years' imprisonment as a prior and persistent offender. We affirm.

On June 2, 1986, Betty Von Seelen and her husband, George, operated George's Cigar Store (store), located in the main post office for the City of St. Louis. Both Betty and George are legally blind; however, Betty has 20/200 vision with glasses. George was preparing to exchange 150 one-dollar bills for change needed for the store. He placed the money behind the counter. At that point, Betty saw defendant reach across the counter, grab the money, and run from the store. Barry Hentz, a postal service police officer (officer), heard Betty scream that they were being robbed and saw defendant leaving the store with a number of bills in his hand. The officer chased the defendant and apprehended him within the Post Office. Defendant was taken to the postal inspector's office, where a search revealed 148 one-dollar bills on defendant's person. Betty identified defendant as the man who took the money. Both Betty and the officer had seen defendant in the store on numerous occasions in the past. Later, two one-dollar bills were found in the store.

Defendant complains the trial court erred in failing to sustain his objection to the officer's testimony that he was familiar with defendant because he had removed him from the Post Office several times for loitering in that it was evidence of uncharged criminal conduct which improperly put defendant's character in issue.

The testimony in question consisted of the following exchange:

Q. Had you ever seen this man that came out of the store on any prior occasions?

A. Yes, sir, I've seen him numerous times in the post office.

Q. And that's during the course of your job; is that right?

A. *Yes. In fact, I had to remove him on a few occasions for loitering.*

Q. Is the man that you saw come out of the store with the money in the courtroom today?

A. Yes, sir, he is.

Q. Would you identify him by what he's wearing today, please?

A. He's the black gentleman sitting at the table with the gray shirt on. Appears to be black shoes, gray slacks with a white striping on his shirt.

MR. JAMIESON: May the record reflect he's identified the defendant, your Honor?

THE COURT: Record will reflect that the witness identified the defendant.

Q. Was he handcuffed downstairs?

A. Yes, sir, he was.

Q. And what happened with him after that point?

A. At that time we escorted him up to the second floor, which is the Postal Inspector's room, and we notified the St. Louis Police Department.

Q. Where was—Let's go back downstairs. When was the first time that you saw Betty VonSeelen, [sic] or did you see her at all?

MR. WHITE: Excuse me.

Your Honor, may we approach the bench?

THE COURT: You may.

(Counsel approached the bench, and the following proceedings were had:)

MR. WHITE: *Your Honor, at this time I'm going to move for a mistrial based on this officer's testimony that he had arrested my client on previous occasions for loitering as evidence on other crimes.*

MR. JAMIESON: He said—

THE COURT: Just a moment. The testimony of this officer is that he had to remove him from the building for loitering.

MR. WHITE: But I also thought he indicated he had arrested him.

THE COURT: No.

MR. WHITE: Okay.

(emphasis added).

 To preserve error for appeal, objections to evidence must be timely, *State v. Gadberry*, 638 S.W.2d 312, 313[1] (Mo. App.1982), and "made with sufficient speci-

ficity to advise the trial court of the ground or reason for excluding evidence." *State v. Cannady*, 660 S.W.2d 33, 36[3] (Mo.App. 1983). In this case, defendant's objection was untimely. *State v. Moss*, 700 S.W.2d 501, 503[1] (Mo.App.1985) (objection made after the witness has answered is untimely).

We further note that defendant's basis for error in his motion for new trial was the same as his objection at trial: "That the Court erred in failing to sustain defense counsel's objection to testimony by [officer] that he had *arrested* the defendant on previous occasions." (emphasis added). This is a different ground than that defendant attempts to raise on appeal. It is well settled that a litigant, on appeal, may not broaden an objection made at trial. *State v. Quick*, 639 S.W.2d 880, 883[3] (Mo. App.1982); *see also State v. Morton*, 684 S.W.2d 601, 605[4] (Mo.App.1985).

For all these reasons, the error was not preserved for appeal. Because the evidence against defendant was strong, we decline to review for plain error.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.