**STATE of Missouri, Respondent,**

v.

**Paul WOODLAND, Appellant.**

**No. 54265.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 1989.

Application to Transfer Denied
May 16, 1989.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GRIMM, Presiding Judge.

In this jury tried case, defendant appeals his convictions of sodomy and kidnapping;

in violation of §§ 566.060 and 565.110, RSMo 1986. We affirm.

Defendant alleges two errors. First, the trial court erred "in excluding testimony of [a court reporter] as to the prior inconsistent statements made by [the victim] in that this was a proper method of introducing these statements which were admissible as substantive evidence." Defendant's point is not preserved. Further, defendant's offer of proof at trial was for a purpose different than the one now asserted on appeal. Second, the trial court erred in not entering a judgment of acquittal at the close of all the evidence with respect to the charge of kidnapping, because the evidence was insufficient to prove that defendant removed the victim. We disagree; the evidence shows that defendant moved the victim from a public place to a more secluded spot in order to facilitate the commission of the sodomy.

In the early morning of October 2, 1986, the victim, an eleven-year old boy, was waiting alone at a street corner for his school bus. The bus stop was located in front of Webster Middle School. While standing there, the victim saw a black male, across the street, break a large beer bottle. This man, later identifed as defendant, then disappeared up the street into a dark area.

Defendant then crossed the street and walked up to the victim. When defendant was within an arm's length of the victim, he pulled a broken beer bottle from his bookbag. Defendant, holding the bottle close to the victim's neck, told him to come with him. After the victim said "No," defendant said "I'm going to kill you if you don't."

Defendant took the victim from the street and led him through a fence opening into the schoolyard. Then he took him around to a side of the building where there was little light. In the schoolyard, the victim was required to commit an act of fellatio. The victim observed that defendant had a rectangular shaped belt buckle with the word "Paul" on it; the letter "u" had a scratch.

■ Defendant's first allegation is that the trial court erred "in excluding testimony of [a court reporter] as to the prior inconsistent statements made by [the victim] in that this was a proper method of introducing these statements which were admissible as substantive evidence."

■ No reference was made to the exclusion of the victim's statements in the motion for new trial. An issue which is not presented to the trial court in a motion for new trial is not preserved for appellate review. *State v. Hamell*, 561 S.W.2d 357, 361 (Mo.App.E.D.1977).

■ Further, defendant's offer of proof at trial was for the stated purpose of proving "prior inconsistent statements [of the victim] to impeach." The prior inconsistent statements were not, as now asserted in his point relied upon, offered as substantive evidence. A defendant may not, on appeal, broaden the stated purpose for an offer of proof made at trial. *Cf. State v. Matthews*, 748 S.W.2d 896, 898 (Mo.App. E.D.1988); *State v. Quick*, 639 S.W.2d 880, 883 (Mo.App.W.D.1982); *State v. Shepard*, 681 S.W.2d 473, 475 (Mo.App.S.D.1984).

■ We review for plain error under Rule 29.12(b), which permits discretionary review only when this court finds that manifest injustice or miscarriage of justice has resulted. Before we are entitled to consider a contention of error which has not been preserved, we must believe that manifest injustice has in fact occurred. *Hamell, supra* at 364.

Here, defendant's guilt was clearly established. There was a positive identification of the defendant by the victim both in a lineup and in court. Also, at the time defendant was arrested, the police took from him a belt with a brass buckle with the word "Paul" on it. After the belt and buckle were seized, but before they were shown to the victim, the victim, for the first time, told the police that the letter "u" in the word "Paul" had a scratch across it. The defendant's buckle contained a scratch in that location. Point denied.

■ Defendant next alleges that the trial court erred in not entering a judgment

of acquittal at the close of all the evidence with respect to the charge of kidnapping, because the evidence was insufficient to prove that defendant removed the victim. He argues that the movement of the victim from the street to the schoolyard was merely incidental to the sodomy.

Defendant was charged with kidnapping under § 565.110.1(4), RSMo 1986. This offense occurs when a person "unlawfully removes another without his consent from the place where he is found ... for the purpose of ... [f]acilitating the commission of any felony." *Id.*

Defendant correctly says that this statute was patterned after the Model Penal Code.* There is, however, a difference between the two. The Model Penal Code, in pertinent part, requires removal "a *substantial distance* from the vicinity where he is found," while our statute requires only removal "from the place where he is found." The cases from other jurisdictions relied upon by defendant are not applicable because of differences in the language of their kidnapping statutes.

This court in *State v. Jackson*, 703 S.W. 2d 30, 32–33 (Mo.App.E.D.1985), recognized that kidnapping, as a crime, is designed to include those situations where the confinement or movement of a person without his consent "creates a harm (including the terror of the victim) that is not adequately covered by another offense." Recognizing that increased risk, harm, or danger may arise from the privacy of the area to which the victim is removed, we said that neither the time involved in the movement or the distance covered are the determining factors.

The amount of movement or confinement necessary for the act of kidnapping cannot be defined precisely as it will vary according to the circumstances. *The New Missouri Criminal Code: A Manual for Court Related Personnel*, Ch. 10 at 17 (1978). Here, when defendant first came in contact with the victim, the victim was on a public street near a bus stop. The victim, with a broken bottle held at his neck, was forcibly led away from the public street to the more secluded schoolyard without his consent. This was done to facilitate defendant's commission of the sodomy. Point denied.

The judgment is affirmed.

GARY M. GAERTNER and KAROHL, JJ., concur.

---

* MODEL PENAL CODE § 212.1, 10 U.L.A. 539    (1974)