STATE of Missouri, Plaintiff–Respondent,

v.

Edward F. MEYERS, Jr., Defendant–Appellant.

Edward F. MEYERS, Jr., Plaintiff–Appellant,

v.

STATE of Missouri, Defendant–Respondent.

Nos. 56439, 57902.

Missouri Court of Appeals, Eastern District, Division Three.

May 14, 1991.

Rehearing Denied June 12, 1991.

Anne Buechler, David C. Hemingway, Marc Fried, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Edward F. Meyers, Jr. appeals from his conviction, after a two day jury trial, on one charge of illegal possession of cocaine, Section 195.200.1(1), RSMO 1986. Additionally, Meyers appeals the dismissal of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. We have consolidated Meyers' two appeals, pursuant to Rule 29.15(l). We remand.

The evidence presented at trial reveals the following. On October 23, 1987, Loren Slayton, a police officer for the City of Saint Louis, accompanied by his partner, Officer James Wurm, was driving a marked police car in the City of St. Louis when they saw Meyers driving an automobile with expired license plates. Officer Slayton activated the red lights on the top of his car in response to which Meyers pulled over and stopped on a car wash lot. Officers Slayton and Wurm exited their vehicle; and, as Meyers got out of his car, he dropped a clear cellophane wrapper to the ground. Officer Slayton therefore ordered Meyers to the rear of Meyers' vehicle. Officer Slayton picked up the cellophane wrapper and observed two white capsules in it containing what appeared to be a white powder substance. Officer Slayton subsequently placed Meyers under arrest for "Violation of Missouri Controlled Substance Law" by possession. Officer Slayton additionally issued Meyers a traffic ticket for driving with expired plates. After arresting Meyers, Officer Slayton conducted a pat down search of Meyers.

Meyers' version of the events that occurred on October 23, 1987, rested largely on the testimony of a witness to the traffic stop, Mark Bivens, who was working at the car wash at the time. Bivens testified that he did not see Meyers discard anything during the traffic stop. Bivens additionally testified that during the traffic stop, Meyers' pants were unzipped, and Officer Slayton was reaching into them. Meyers argues that Officer Slayton retrieved the cocaine capsules solely due to the intrusive search into his underwear.

Meyers filed a pretrial motion to suppress the evidence of the cocaine capsules seized during the traffic stop. Meyers did not testify at the hearing. On March 28, 1988, the court denied Meyers' motion to suppress. Thereafter, Meyers' case proceeded to trial. At the close of voir dire, Meyers challenged the prosecutor's use of a disproportionate number of his peremptory strikes against black venire members, citing *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court denied the request, commenting that *Batson* does not apply unless the State removes all blacks from the jury. On February 7, 1989, the jury convicted Meyers as charged. Meyers subsequently requested an additional ten days to file a motion for a new trial.

On March 7, 1989, Meyers filed: (1) a motion for judgment of acquittal at the close of the State's case; (2) a motion for judgment of acquittal at the close of all evidence; and (3) a motion for a new trial. Three days later, the trial court overruled Meyers' motion for a new trial. The trial court thereafter sentenced Meyers as a prior offender to five years imprisonment.

Meyers filed a notice of appeal on March 20, 1989. On July 14, 1989, Meyers filed a *pro se* motion for post-conviction relief, pursuant to Rule 29.15, alleging ineffective assistance of counsel. On July 27, 1989, the trial court appointed a special public defender to represent Meyers in his post-conviction effort. On September 27, 1989, Meyers filed an unverified amended motion for post-conviction relief. On December 18, 1989, the court issued findings of fact and conclusions of law, denying Meyers' motion without an evidentiary hearing. Meyers filed his notice of appeal on January 24, 1990. We have consolidated Meyers' two appeals, pursuant to Rule 29.15(l).

In the point dispositive of this appeal, Meyers argues that the trial court erred in:

(1) denying his *Batson* challenge commenting that *Batson* only applies where the State removes all blacks from the jury; and (2) failing to require the prosecutor to explain his peremptory strikes. At trial, defense counsel raised a *Batson* challenge. He asserted that of the seven peremptory strikes the prosecutor made, five were used to strike black individuals.[1] Defense counsel explained that denying the five black jurors the right to sit on the jury infringes upon their rights as jurors. Defense counsel asked the court either to quash the panel, or, alternatively, to grant a motion for a mistrial. The court overruled the motion to quash and denied the motion for a mistrial. The court commented: "the one factual thing that has to occur is that all blacks have to be eliminated by the exercise of all peremptory strikes on the part of the State...." The State did not offer an explanation as to its strikes. Moreover, the court did not require the prosecutor to explain his strikes.

In addressing Meyers' *Batson* claim, the State argues that Meyers, a caucasian, cannot assert an equal protection violation on the basis that blacks were excluded from his petit jury. We disagree.

Recently, the United States Supreme Court addressed this issue in *Powers v. Ohio*, — U.S. —, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). In that case, Larry Joe Powers, a white man, was indicted in Franklin County, Ohio on two counts of aggravated murder and one count of attempted aggravated murder. *Id.* at —, 111 S.Ct. at 1366–67. Each count also included a separate allegation that Powers had a firearm while committing the offense. *Id.* Powers pleaded not guilty and invoked his right to a jury trial. *Id.*

During voir dire, Powers objected when the prosecutor exercised his first peremptory challenge to remove a black venireperson. *Id.* Powers requested the trial court to direct the prosecutor to explain his reasons for excluding this black person. *Id.* The trial court denied Powers' request and excused the juror. *Id.* The State thereafter used nine more peremptory challenges, six of which removed black venirepersons. *Id.* Each time the prosecutor challenged a black person, Powers renewed his objections, citing *Batson*. *Id.* However, all his objections were overruled. *Id.* The jury subsequently convicted Powers on counts of murder, aggravated murder, and attempted aggravated murder, each with the firearm specifications. *Id.* The trial court sentenced Powers to a term of 53 years to life imprisonment. *Id.*

Powers appealed his conviction to the Ohio Court of Appeals, arguing that the prosecutor's discriminatory use of peremptories violated the Sixth Amendment's guarantee of a fair cross section in his petit jury, the Fourteenth Amendment, and Article I Sections 10 and 16, of the Ohio Constitution. *Id.* The Court of Appeals affirmed his conviction. *Id.* Powers then appealed to the Supreme Court of Ohio. *Id.* It, however, dismissed Powers' appeal on the ground that it presented no substantial constitutional question. *Id.* Powers sought review before the United States Supreme Court, renewing his Sixth Amendment fair cross section and Fourteenth Amendment equal protection claims. *Id.* The Court granted his petition for certiorari. *Id.*

The Court held that the Equal Protection Clause prohibits a prosecutor from using the State's peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely on the basis of race. *Id.* at —, 111 S.Ct. at 1369–70. The Court explained the criminal defendant has standing to raise the equal protection challenge on behalf of the excluded venireperson who has a right not to be excluded from jury service on the basis of race. *Id.* at — —, 111 S.Ct. at 1369–75. Moreover, the criminal defendant may object to race-based exclusions of jurors effected through peremptory challenges whether or not the defendant and the excluded juror share the same race. *Id.* at —, 111 S.Ct. at 1366–67. The Court, therefore, reversed

---

1. Despite this assertion, the legal file indicates that the prosecutor used four of six peremptory strikes to strike black individuals. Additionally, the prosecutor used a peremptory strike in selecting the alternate juror. This strike was also used to strike a black venireperson.

and remanded Powers' case so that he could object to the prosecutor's use of peremptory challenges against blacks. *Id.* at ——, 111 S.Ct. at 1374–75.

We remand this case to the trial court for a reexamination of its ruling in light of *Powers*. The trial court must certify to this court a record of its proceedings. We will address Meyers' other points if necessary at that time.

REINHARD, P.J., and CRANE, J., concur.