STATE of Missouri, Plaintiff–Respondent,

v.

Gregory HUDSON, Defendant–Appellant.

Nos. 57878, 59044.

Missouri Court of Appeals, Eastern District, Division Three.

June 28, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 21, 1991.

Deborah B. Wafer, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Gregory Hudson appeals from his conviction, after a jury trial, on one charge of illegal possession of cocaine, a Schedule II controlled substance. Appellant was sentenced to twelve years imprisonment. We remand.

On May 1, 1989, Officer John McKenzie observed an apparent transaction between appellant and Keith Williams. As the officer approached these two subjects, appellant dropped a clear plastic bag which he proceeded to stamp into the ground. The officer saw white powder leaking from the bag onto the ground, at which time he placed both appellant and Williams under arrest for violation of the Missouri controlled substance law. Upon a search incident to arrest, the officer found two small packages of cocaine in appellant's pocket. A jury subsequently found appellant guilty of cocaine possession.

We note at the outset that appellant has abandoned his Rule 29.15 motion by failing to include this point in his brief. *State v. Clark*, 801 S.W.2d 701, 702 (Mo. App.1990).

Appellant's first point is that the trial court erred in limiting his voir dire

examination of the venire panel, thus depriving him of both due process of the law and an impartial jury. Voir dire is intended to provide both parties the opportunity to participate in the selection of a fair and impartial jury. *State v. Taylor*, 714 S.W.2d 767, 773 (Mo.App.1986). The nature and extent of counsel's questioning, in this process, is within the discretion of the trial court. *Id.* at 773. Further, when the Court exercises its discretion during voir dire, its decisions will not be disturbed absent manifest abuse of that discretion and a real probability of injury to the defendant. *State v. Walker*, 743 S.W.2d 99, 103 (Mo.App.1988).

In the case at bar, defense counsel was permitted to question the venire members with regard to the areas of presumption of innocence, burden of proof, reasonable doubt and appellant's right not to testify. The trial court was satisfied that these areas had been sufficiently explored, as it said, "You have covered the subject of burden of proof. You have covered the subject of reasonable doubt. You have covered the subjects. I'm not going to let you do this individually. These people have all answered and given answers." Subsequently, the court limited the nature of counsel's questions, an action well within the scope of its authority. It does not appear the court in any way abused its discretion in exercising its control of this voir dire, nor did its action result in a real probability of injury to the defendant. Appellant's first point is, therefore, denied.

Appellant next contends that the trial court erred in overruling his *Batson* objection. Since the trial court did not require the State to give any explanations for its peremptory strikes, appellant argues there was no basis upon which the court could determine the existence of a prima facie case of purposeful discrimination in jury selection. Thus, appellant asserts he was denied his rights to equal protection of the law and an impartial jury representative of the community.

After examining the record, it is evident that appellant's claim of error was not included in his motion for a new trial.

It is, therefore, not preserved for appellate review. *State v. Woodland*, 768 S.W.2d 617, 618 (Mo.App.1989). Nevertheless, we will exercise our discretion pursuant to Supreme Court Rule 30.20 and review this issue to determine whether appellant is correct in arguing that the trial court committed plain error in rejecting his *Batson* challenge.

Before delving into the merits of the challenge, we must first address defense counsel's erroneous request for relief. Counsel stated at the close of voir dire, "... At this time, I make a *motion for mistrial* on the basis that [the prosecutor] has exercised his peremptory strikes to remove veniremen of the defendant's race...." (emphasis added). Appellant acknowledges he should have moved to quash the jury, rather than for mistrial. In *State v. McMillin*, 783 S.W.2d 82, 95 (Mo. banc 1990), our Supreme Court held that: where error is alleged on the part of the trial court, but no objection is made to preserve the claim, review is limited to the standard of plain error. The same should hold true where a technically incorrect objection is made. Thus, we will review appellant's *Batson* challenge for plain error. In order to prevail, appellant must prove his rights were substantially affected or that manifest injustice or a miscarriage of justice has occurred. Supreme Court Rule 30.20.

In *Batson v. Kentucky*, 476 U.S. 79, 86, 106 S.Ct. 1712, 1717, 90 L.Ed.2d 69, 80 (1986) the Court recognized that the exclusion of a person from the jury venire on the basis of race was a violation of the Equal Protection Clause. Such discrimination harms both the defendant and the entire community. There, a black defendant was tried before an all white jury from which black venire members had been peremptorily stricken by the prosecutor. The Court proceeded to set standards by which a defendant could challenge the selection of the petit jury. A prima facie case of discrimination in this selection process may be made by showing: (1) that defendant is a member of a cognizable racial group and the prosecutor has utilized peremptory

challenges to remove venire persons of the defendant's race; (2) defendant may rely on the fact that peremptory challenges permit discrimination by those inclined to discriminate; and (3) that "these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race." 476 U.S. at 96, 106 S.Ct. at 1723.

The Missouri Supreme Court initially responded to *Batson* by stating that the trial judge must consider the prosecutor's explanations in determining whether the peremptory strikes were discriminatorily made. *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987). However, in *State v. Burgess*, 800 S.W.2d 743 (Mo. banc 1990), the court rejected a *Batson* challenge in which the prosecutor gave no reasons for his peremptory strikes. The court noted that the resulting jury was one-third black, a statistic which undercut any charge of discrimination. *Id.* at 747. The court commented that the prosecutor had little reason to discriminate since both the defendant and the victim were black. *Id.*

As a result of *Burgess,* we have upheld jury selections despite the lack of explanations for peremptory strikes by the prosecutor. No discrimination was found where the percentage of blacks on the petit jury closely approximated the percentage of blacks on the jury panel. *State v. English,* 795 S.W.2d 610, 613 (Mo.App.1990). Further, we have held that explanations are required only if circumstances surrounding the jury selection are neutral on the issue of racial discrimination or indicative of its existence. *State v. Hunter,* 802 S.W.2d 201, 204 (Mo.App.1991).

Recently, in *Powers v. Ohio,* —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the U.S. Supreme Court reinforced its abhorrence of discriminatory practices in jury selection. That case differed from *Batson* in that Powers was white and the prosecutor used a majority of his peremptory challenges to exclude black venire members. *Id.* —— U.S. at ——, 111 S.Ct. at 1365–67. Although these excluded members were not of the defendant's race, the

Court nevertheless held he could object to their exclusion on the basis of race. *Id.* The Court stated that the Equal Protection Clause precludes the State from dismissing persons from the petit jury on the basis of race. *Id.* —— U.S. at ——, 111 S.Ct. at 1367–69. It explained that the criminal defendant has standing on behalf of the excluded venire person to assert his or her right not to be excluded from the jury on the basis of race. *Id.* —— U.S. at —— ——, 111 S.Ct. at 1369–1375. Jury service provides ordinary citizens the opportunity to participate in the administration of justice, thereby performing their long held civic duty. *Id.* Discriminatory jury selection harms not only the defendant, but also the entire community at large. *Id.*

We recently addressed *Powers* in *State v. Meyers,* 811 S.W.2d 400 (Mo.App.1991). Meyers, a white man, objected to the exclusion of black venire members without an accompanying explanation. *Id.* The trial court considered only the number of peremptory strikes used against black venire members in finding the absence of discrimination. *Id.* We remanded that case to the trial court for reconsideration in light of *Powers. Id.*

■ The joint effect of *Batson* and *Powers* plainly provides that racial discrimination in jury selection will not be tolerated. In order to safeguard the right of the defendant to a fair and impartial jury, as well as an individual's right to participate in the judicial system as a juror, explanations must be given for peremptory challenges in response to a *Batson* challenge. These explanations should be considered in the context of the circumstances surrounding the selection process, so that the trial judge may accurately assess their validity.

■ In the present case, the trial judge first considered the number of peremptory strikes used to remove venire members of the defendant's race. He then inquired into the number of blacks on the original panel and the resulting composition of the petit jury. Based solely on these two factors, the trial judge determined that the prosecutor did not discriminate in his use of peremptory challenges.

The trial court could well have substantially affected the rights of the defendant and prospective jurors by failing to consider the prosecutor's explanations for his peremptory challenges. Moreover, these explanations will greatly aid the trial courts in analyzing the prosecutor's motives for excluding certain jurors, especially since the surrounding circumstances examined are often quite vague as a barometer of discrimination. Therefore, we remand the case to the trial court for an evidentiary hearing regarding whether the prosecutor used his peremptory strikes in a discriminatory manner.

REINHARD, P.J., and CRANE, J., concur.