**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Marlon HAMPTON,
Defendant/Appellant.**

No. 58842.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 27, 1991.

Brian N. Brown, St. Louis, for defendant/appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

PER CURIAM.

Defendant was convicted by a jury of criminal possession of a weapon in violation of § 571.020, RSMo 1986. He was found by the court to be a prior offender and sentenced to three years imprisonment. We remand.

The evidence revealed that on November 17, 1989, at about 11:35 p.m., Officer Alderick Reed and his partner were patrolling in an unmarked car near Clara Street in St. Louis, Missouri. The officers observed the defendant standing on a street corner and, as their northbound car approached the corner, the defendant began to walk south. The officers observed the defendant extend a leg and begin to shake it. The officers stopped their car and saw an object slide out of the defendant's pantleg, whereupon the officers exited the car and ordered the defendant to halt. The defendant complied, and the officers discovered the object was a sawed-off shotgun with two live shotgun cartridges inside.

The defendant in his sole point on appeal claims the trial court erred in failing to quash the jury panel after the defendant's *Batson* motion. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defendant is black and the prosecutor used four of six peremptory challenges to exclude black venirepersons. The prosecutor did not give race-neutral explanations for the challenges, because the trial court, relying on previous Missouri appellate decisions, determined that since five blacks remained on the jury, explanations were unnecessary. This theory is no longer viable in light of the recent United States Supreme Court case of *Powers v. Ohio*, —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). The State joins in the request for a remand.

As we did in *State v. Hudson*, 815 S.W.2d 430 (Mo.App.E.D.1991), we remand for the purpose of an evidentiary hearing on the issue of the state's challenges. Remanded.