**STATE of Missouri, Petitioner/Respondent,**

**v.**

**Calvin TATE, Defendant/Appellant.**

**Calvin TATE, Movant/Appellant,**

**v.**

**STATE of Missouri, Respondent/Respondent.**

**Nos. 60675, 61915.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 19, 1993.

William J. Swift, Columbia, for appellant.

William L. Webster, Atty. Gen., Aundreia R. Alexander, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of second degree burglary, § 569.170, RSMo 1986, and stealing property with a value of at least $150, § 570.030, RSMo 1986, for which he was sentenced as a prior and persistent offender to consecutive prison terms of 15 years on each conviction. After sentencing, defendant filed a *pro se* Rule 29.15 motion, which was later amend-

ed after appointment of counsel. The motion court denied the motion without an evidentiary hearing, holding that movant's claims were refuted by the record. Defendant appeals his convictions and the denial of his Rule 29.15 motion. Pursuant to Rule 29.15(1) these appeals have been consolidated.

The evidence revealed that during the Thanksgiving, 1990 weekend the victims, Mr. and Mrs. Lockett, hosted several overnight guests at their home. Defendant and his date were among the guests staying at the Locketts. During the weekend, defendant mentioned to the Locketts that their home was susceptible to burglary and he could help them fix the problem.

On December 3, 1990, Mrs. Lockett's son telephoned her at work and reported that "something was not right in the house." Based upon this conversation, she called the police and went home. Upon arriving at her home, she noticed that the front bedroom window, which previously had been locked, was open. A search of the residence revealed that two gold chains, six rings, two watches, a tie tack, a pendant, and the Locketts' matching leather coats and caps were missing. This property was valued at over $2,000.

At trial, Edwina Jackson, the victims' neighbor, testified that on December 3, 1990, she observed an old station wagon "with brown wood" pull into the Locketts' driveway. She stated that a "dark-complected man", who she later identified as defendant, got out of the car and walked to the back of the house.

On the day of the incident defendant pawned some jewelry at Lee's Pawn Shop. The police later seized two gold necklaces and three rings which belonged to the Locketts from the pawn shop. Lee Rascover, the owner, identified defendant as the person who had pawned these items. When defendant was arrested the police found Mr. Lockett's watch in his possession.

Defendant admitted going to the victims' home on December 3, 1990, however, he claimed that he went there to see Mrs. Lockett. He testified that on the day of

the burglary his father had repaired defendant's station wagon and drove him to the Locketts' home. Defendant stated that he went to the back door of the house, knocked, and, when no one answered, he left.

■ On appeal, defendant's principal point is that the trial court erred in failing to require, after his *Batson* challenge, an explanation for the State's removing venireperson Ricky McClain. Juror McClain and the defendant were black, however, the trial court found no probable cause to believe the removal was racially motivated because the State utilized only one of its peremptory challenges to remove one of four eligible black jurors.

This case was tried on June 18, 1991. On June 28, 1991, this court overruled prior cases wherein we had upheld jury selections despite a lack of explanation for the State's peremptory challenges. *State v. Hudson*, 815 S.W.2d 430, 433 (Mo.App. 1991). This decision was based upon the joint effect of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and *Powers v. Ohio*, 499 U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). The State's brief in the present case acknowledges a remand is necessary for the purpose of an evidentiary hearing on the issue of the State's removing juror McClain. We agree.

Defendant's remaining points are meritless and require little discussion. He argues that the trial court erred when it submitted Instruction No. 4, patterned after MAI–CR3d 302.04. He did not object to the instruction at trial and asks that we review it under the plain error doctrine. Defendant argues that this instruction improperly defines proof beyond a reasonable doubt as proof which leaves the jury "firmly convinced" of the defendant's guilt. This argument has been rejected by the Missouri Supreme Court. *State v. Blankenship*, 830 S.W.2d 1, 13 (Mo. banc 1992); *State v. Griffin*, 818 S.W.2d 278, 282 (Mo. banc 1991).

■ In his sole point challenging the denial of his Rule 29.15 motion, movant con-

**156**

tends that the motion court erred in denying him an evidentiary hearing on his claim that trial counsel was ineffective in failing to call his parents and sister. The witnesses would have allegedly testified that movant's car was inoperable at the time of the incident.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.* Additionally, a movant is not entitled to an evidentiary hearing on his Rule 29.15 motion if the record of the case conclusively shows that movant is entitled to no relief. Rule 29.15(g).

The motion court made the following findings on the issue of counsel's failure to call movant's parents and sister:

> As to the failure of counsel to present the three witnesses to testify that the Oldsmobile station wagon which Movant allegedly drove to the victim's house to commit the burglary was not in working order at the time of the alleged crime, such testimony would have been inconsistent with the testimony of Movant at trial. He testified that his father got the station wagon running and drove him to the victim's house. The failure and/or refusal of counsel to call witnesses who would testify to matters in a manner inconsistent with that of the Movant was consistent with the care and skill of a reasonably competent lawyer rendering services under the same or similar circumstances. Further, Movant was not prejudiced thereby. These claims are without merit and are denied.

To establish ineffective assistance of counsel a movant must show his counsel's performance was deficient and the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *Strickland* permits a judge to proceed directly to the prejudice issue and there movant must show a reasonable probability that, absent the alleged error by counsel, the fact finder would have a reasonable doubt respecting guilt. *Id.* at 697, 104 S.Ct. 2069.

In the present case, the State presented exceedingly strong evidence of movant's guilt and it is unlikely that he suffered any prejudice from the alleged ineffectiveness of counsel. In addition, the motion court's finding that the proposed witnesses' testimony would have conflicted with movant's trial testimony was not clearly erroneous.

We affirm the motion court's judgment on the Rule 29.15 motion and remand to the trial court the direct appeal for the purpose of conducting an evidentiary hearing on the reasons for the State's challenge to juror McClain. A transcript of the hearing should then be certified to this court.

Affirmed in part and remanded in part.

AHRENS, P.J., and CRIST, J., concur.