**STATE of Missouri, Respondent,**

v.

**Robert L. MORROW, Appellant.**

**Nos. WD 50160, WD 52352.**

Missouri Court of Appeals,
Western District.

March 25, 1997.

Fred Duchardt, Kearney, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

HANNA, Judge.

The defendant, Robert Morrow, appeals from his conviction for robbery in the first degree, § 569.020, RSMo 1994; burglary in the first degree, § 569.160, RSMo 1994; stealing over $150, § 570.030, RSMo 1994; two counts of kidnapping, § 565.110, RSMo 1994; and four counts of armed criminal action, § 571.015, RSMo 1994. Defendant was sentenced to concurrent terms of eighteen years imprisonment for robbery, thirteen years for burglary, three years for stealing, six years each for kidnapping, and eight, five, five, and five years for armed criminal action. He also appeals from the denial of his Rule 29.15 motion.

In February 1993, Chris Boone and his mother, Patricia Boone, were home watching television when a man knocked on their door saying that he wanted to buy Chris' car. Chris accompanied the man outside to look at the car. When he informed the man that it was not for sale and turned to go back inside, the man pulled a gun and lunged at him. After a struggle, the man forced Chris at gunpoint to go inside the house.

While Chris was outside showing the man his car, two other men went inside the house and forced Patricia at gunpoint to go into her son's bedroom to locate the keys to his car. When she could not find the keys, they robbed her and forced her back into the living room.

The three men then ordered Chris and Patricia to lie face down on the floor of the living room and threatened to kill them if they moved. The men then tied up both victims with cords which they had cut from telephones and lamps. They threatened to kill the victims if they moved, and then fled the scene.

The defendant alleges that the trial court erred in denying his motion for acquittal because there was insufficient evidence to convict him of the two kidnapping and therefore, the two armed criminal action charges.

■ "In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). This court, in reviewing the defendant's conviction, must accept as true all evidence, whether direct or circumstantial, tending to prove the defendant's guilt. *State v. Dagley*, 793 S.W.2d 420, 423 (Mo.App.1990). We must also accept all reasonable inferences supporting the verdict while disregarding all parts of the record contrary to the verdict. *Id.* We do not weigh the evidence. *State v. Villa–Perez*, 835 S.W.2d 897, 900 (Mo. banc 1992).

■ Kidnapping is defined as "unlawfully remov[ing] another without . . . consent from the place where [they are] found or unlawfully confin[ing] another without . . . consent for a substantial period, for the purpose of . . . [f]acilitating the commission of any felony or flight thereafter." § 565.110, RSMo 1994. In determining whether a defendant's actions of moving and confining a victim are sufficient to constitute kidnapping, we must "look to see if there was any increased risk of harm or danger to the victim from the movement or confinement that was not present as a result of the other offense." *State v. Jackson*, 703 S.W.2d 30, 33 (Mo.App.1985).

■ Kidnapping requires either confinement or movement and the amount necessary will vary according to the circumstances of each case. *State v. Woodland*, 768 S.W.2d 617, 619 (Mo.App.1989). Chris was moved at gunpoint from his front yard into the living room of his house where he was forced to lie on the floor and was tied up with his hands and feet behind him. By moving Chris into the house, there was a greater risk of harm to him. He was moved to the more secluded interior of the house, where the men more easily accomplished their criminal actions against him and his mother.

■ The men ordered Patricia, also at gunpoint, to go into her son's room and find his car keys. When she could not find them, they forced her back into the living room where they tied her up in the same manner as they tied Chris. Tying up the victims amounted to confinement designed to facilitate the commission of the robbery. The harm which the kidnapping statute is intended to address also includes the terror of the victim. *Woodland*, 768 S.W.2d at 619. Patricia's repeated prayers during the episode were evidence of the terror she experienced. The evidence of movement and confinement of the victims was sufficient in this case to convict the defendant of kidnapping. Point denied.

■ The defendant also argues that the trial court erred in overruling his motion for acquittal of the armed criminal action convictions because there was insufficient evidence to sustain the underlying kidnapping convictions. A conviction for armed criminal action requires the commission of an underlying felony. *State ex rel. Westfall v. Ruddy*, 621 S.W.2d 42, 44 (Mo. banc 1981). Since we have found the evidence sufficient to affirm the convictions of kidnapping, the defendant's argument is without merit. Point denied.

■ In his final point, the defendant claims that the motion court erred in overruling his Rule 29.15 post-conviction motion because his counsel had a conflict of interest. The court denied the defendant's motion following an evidentiary hearing.

Review of a post-conviction motion is limited to whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(k). The defendant must show that his trial counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display in similar circumstances, and that he was prejudiced by it, before a conviction will be overturned. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

The defendant alleges that his counsel was ineffective since both he and his co-defendant were represented by the public defender system. Counsel for the co-defendant advised the co-defendant not to testify at defendant's trial, and defendant argues that he was prejudiced because the co-defendant's testimony would have showed that the defendant did

not have a gun and that he had attempted to comfort the victims. He argues that the public defender's office acted against his interest in advising the co-defendant and therefore that his Rule 29.15 motion should have been granted.

The defendant did not show that he was prejudiced by the representation of his counsel. There was no showing that if the co-defendant had been represented by an attorney outside the public defender system, that attorney would not also have advised him to invoke the Fifth Amendment. The fact that two attorneys from the public defender system defended both co-defendants did not create a conflict of interest and the defendant's Rule 29.15 motion was properly denied. Point denied.

Judgement of conviction and the denial of the Rule 29.15 motion are affirmed.

ULRICH, C.J., P.J., and SMART, J., concur.