**STATE of Missouri, Respondent,**

v.

**Raymon C. HARRELL, Appellant.**

**No. ED 95363.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 24, 2012.

Maleaner Harvey, Office of the State Public Defender, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Daniel N. McPherson, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

## Facts and Procedural History

A jury convicted Appellant Raymon Harrell ("Harrell") of felony kidnapping[1] (Count I), felony attempted burglary in the first degree[2] (Count II), two counts of felony domestic assault in the third degree[3] (Counts IV and V), the misdemeanor of endangering the welfare of a child in the second degree[4] (Count VI), and the misdemeanor of property damage[5] (Count VII). Only the convictions for kidnapping and endangering the welfare of child are relevant to this appeal.

The evidence at trial showed that Harrell and C.M. had been romantically involved off and on for several years, and that the couple had two children together including a daughter, M.M. Harrell had been abusive towards C.M. on several occasions. On 21 October 2009, C.M. was visiting Harrell's mother's house. Several other friends and family member were also present, including M.M. Harrell walked into the house and punched C.M. in the nose, grabbed her by the hair, and pulled her out of the chair in which she was sitting. At the time, M.M. was standing by her mother, and when Harrell pulled C.M. by the hair, he knocked over M.M. causing her to hit the back of her head on the kitchen floor.

C.M. took M.M. to the bathroom to clean up, and most of the company left the house. C.M. attempted to leave with M.M. but Harrell grabbed C.M. and threatened to hit her if she did. C.M. then sat on the steps while Harrell went upstairs to speak with someone. Harrell repeatedly came back to check on C.M. and reissue the threats.

Harrell eventually forced C.M. and M.M. to leave with him, pushing C.M. towards his truck, and threatening to hit her if she did not get in the truck. Harrell then drove C.M. and M.M. home and left. When he returned the next morning and attempted to kick the door in, M.M. called the police and reported the incidents from the night before.

---

1. Mo.Rev.Stat. § 565.110 (2006).

2. § 564.011.

3. § 565.050.

4. § 568.050.

5. § 569.120.

The jury convicted Harrell of the aforementioned charges stemming from the events of 21 October 2009. On 13 August 2010, the trial court sentenced Harrell as a persistent felony offender to serve twenty (20) years for Count I, three (3) years for Count II, four (4) years for each of Counts IV and V, one (1) day for Count VI, and six (6) months for Count VII, to run concurrently for a total of twenty (20) years in the department of corrections. Aggrieved, Harrell now appeals.

## Discussion

Harrell raises two points on appeal. First, he argues that the State presented insufficient evidence to support the conviction of kidnapping (Count I). Second, he argues that State presented insufficient evidence to support the conviction of endangering the welfare of the child in the second degree. The Missouri Supreme Court recently reaffirmed the following standard of review for challenges to the sufficiency of the evidence:

> Generally, this Court's review of the sufficiency of the evidence is limited to whether the State has introduced sufficient evidence for any reasonable juror to have been convinced of the defendant's guilt beyond a reasonable doubt. This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder "could have found the essential elements of the crime beyond a reasonable doubt. In reviewing the sufficiency of the evidence, all evidence favorable to the State is accepted as true, including all favorable inferences drawn from the evidence. All evidence and inferences to the contrary are disregarded. When re-

viewing the sufficiency of evidence supporting a criminal conviction, the Court does not act as a 'super juror' with veto powers, but gives great deference to the trier of fact. This Court will not weigh the evidence anew since the fact-finder may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case."

*State v. Nash*, 339 S.W.3d 500, 508–09 (Mo. banc 2011) (internal citations omitted).

### i. Kidnapping

■ For our purposes, a person commits the crime of kidnapping "if he or she unlawfully removes another without his or her consent from the place where he or she is found or unlawfully confines another without his or her consent for a substantial period, for the purpose of ... [i]nflicting physical injury on or terrorizing the victim or another."[6] Harrell argues that the evidence was not sufficient to establish that he confined M.M. to his mother's house for a substantial period of time without her consent by use of forcible compulsion.

■ The amount of confinement or movement will vary according to the circumstances of each case. *State v. Morrow*, 941 S.W.2d 19, 21 (Mo.App. W.D. 1997). A person is terrorized when they are caused to feel terror or anxiety, or they are coerced through threats or violence. *State v. Brock*, 113 S.W.3d 227, 232 (Mo.App. E.D.2003) (citing Webster's Third New International Dictionary 2361 (1966)).

C.M.'s testimony that Harrell said he would hit her if she attempted to leave his mother's house is clearly an attempt to coerce her to stay on the steps against her will. The testimony that, just minutes be-

6. § 565.110.1(5).

fore, Harrell had punched her in the nose only reinforces that C.M. feared leaving because he might have inflicted more violence upon her. Finally, the testimony showed that the crime only continued as Harrell removed C.M. from his mother's house, pushed her towards his truck, and forced her into the truck. This represents ample evidence from which a reasonable jury could have found Harrell guilty beyond a reasonable doubt of each element of the charge of kidnapping. The point is denied.

### ii. Endangering the Welfare of Child

 A person commits the crime of endangering the welfare of a child in the second degree if he, with criminal negligence, acts in a manner that creates a substantial risk to the life, body or health of a child under seventeen. § 568.050.1; *Brock*, 113 S.W.3d at 232. A person acts with "criminal negligence" when he fails to be aware of a substantial and unjustifiable risk that circumstances exist or a result will follow, and such failure constitutes a gross deviation from the standard of care that a reasonable person would exercise in the situation. § 562.016.5. Read together, these two statutes require the state to prove defendant failed to be aware of a substantial or unjustifiable risk that his conduct would *endanger* the child. *Brock*, 113 S.W.3d at 232. "Substantial" is defined as "not seeming or imaginary: not illusive;" and "risk" is defined as "the possibility of loss, injury, disadvantage or destruction." *Id.* at 232–33. A charge of child endangerment can be filed whether the outcome of an incident is an injury to the child or not. *Id.* That is, the question before the jury would be whether or not defendant negligently put the child in a position of substantial risk by his conduct. *Id.*

Harrell walked into his mother's house, punched C.M. in the nose, grabbed her by the hair, and pulled her out of the chair in which she was sitting. At the time when Harrell attacked C.M., M.M. was standing right next to her mother. Not only did Harrell's attack put M.M. in a position of substantial danger, the violence actually caused M.M. to fall to the kitchen floor and be injured. This evidence was sufficient for reasonable jurors to find that the defendant's conduct created a substantial risk of endangerment to M.M.'s body and health. Therefore, Harrell's second claim should be denied, and the judgment and sentence of the trial court should be affirmed.

KENNETH M. ROMINES, J.
KATHIANNE KNAUP CRANE, P.J. and ROBERT E. CLAYTON, III, J., concur.