STATE of Missouri, Plaintiff/Respondent,

v.

Ronald W. MORRISON, Defendant/Appellant.

No. 73716.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 17, 1998.

the first degree, section 569.160. The trial court sentenced defendant to three consecutive life terms. Defendant challenges the sufficiency of the evidence to support his conviction of kidnapping, seeks plain error review of admission of evidence regarding a prior robbery attempt, and challenges his sentences. We affirm the judgment of conviction, vacate the sentence, and remand for resentencing.

Defendant and Michael Johnson went to Mary Bruch's home late in the afternoon of January 19, 1996. Mr. Johnson had been an insurance agent and had sold Ms. Bruch an annuity. Mr. Johnson went to the door with balloons and a teddy bear and told Ms. Bruch that he had a delivery for her. He said she needed to sign a blank check to cover delivery fees. Ms. Bruch hesitated and defendant told her, "this is a robbery." Defendant and Mr. Johnson forced Ms. Bruch to sign two blank checks, and defendant tied Ms. Bruch to a chair with black electrical tape. Defendant and Mr. Johnson left Ms. Bruch tied to the chair, drove to the bank, cashed the check, and fled before Ms. Bruch was able to free herself and contact police.

■ In his first point, defendant argues that the trial court erred in overruling his Motion for Judgment of Acquittal because the state failed to present sufficient evidence to prove beyond a reasonable doubt that defendant confined Mary Bruch for a substantial period of time so as to constitute kidnapping.

■ In reviewing the sufficiency of the evidence, we accept as true all evidence and inferences favorable to the verdict and disregard contrary evidence and inferences. *State v. Gillespie,* 944 S.W.2d 268, 269 (Mo. App. E.D.1997). To determine whether actions of movement or confinement are sufficient to constitute kidnapping, we must inquire as to whether there was any increased risk of harm or danger from the movement or confinement that was not present as a result of the other offense. *State v. Morrow,* 941 S.W.2d 19, 21 (Mo.App. W.D.1997). Harm includes the terror of the victim and the amount of confinement necessary to con-

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES R. DOWD, Presiding Judge.

Defendant Ronald Morrison appeals the judgment entered upon his conviction by jury on one count of robbery in the first degree, section 569.030,[1] one count of kidnapping, section 565.110, and one count of burglary in

---

1. All references are to RSMo 1994 unless otherwise noted.

stitute kidnapping varies according to the circumstances of each case. *Id.*

Defendant confined Ms. Bruch, who was over eighty years old, within her home and forced her to sign blank checks. Defendant disconnected her telephone and tied her to a chair with electrical tape. Ms. Bruch testified that she never felt free to leave and was too scared to move. Even though Ms. Bruch testified that the tape was loose and she was able to free herself within minutes after defendant and Mr. Johnson left, we find that the state presented sufficient evidence for the jury to conclude beyond a reasonable doubt that Mary Bruch was confined for a substantial period. Point denied.

Defendant asserts in his second point on appeal that it was plain error for the trial court to admit evidence that defendant had made an earlier attempt to rob another insurance client of Mr. Johnson. We disagree.

Evidence of uncharged crimes, wrongs, or acts is inadmissible for the purpose of showing the propensity of the defendant to commit such crimes. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993). Evidence of other crimes or bad acts is admissible, however, if it is logically and legally relevant and tends to establish motive, intent, absence of mistake or accident, or a common plan or scheme. *Id.* In this case, Mr. Johnson testified that he and defendant had planned to rob Mr. Johnson's former insurance clients. In fact, Mr. Johnson stated that he and defendant attempted a robbery at the home of another former insurance client just a few weeks before robbing Ms. Bruch. This evidence was logically and legally relevant to describe defendant's common scheme or plan to rob or steal from Mr. Johnson's former insurance clients and was therefore properly admitted. Defendant's second point is denied.

In his final point, defendant contends, and the state concedes, that the trial court erred in sentencing defendant to three consecutive life sentences. Defendant was convicted of three class B felonies and found to be a prior and persistent offender. Section 558.016.7(2) provides that the maximum sentence for a persistent offender for a class B felony is thirty years. Consequently, the trial court erred in sentencing defendant to three consecutive life terms. We therefore vacate defendant's sentence and remand the matter to the trial court for resentencing pursuant to section 558.016.7(2).

Defendant's convictions are affirmed. The sentences are vacated and the cause is remanded to the trial court for resentencing.

LAWRENCE G. CRAHAN, J., and RICHARD B. TEITELMAN, J., concur.