**STATE of Missouri, Plaintiff–Respondent,**

v.

**Robert HAMILTON, Defendant–Appellant.**

No. 25625.

Missouri Court of Appeals,
Southern District,
Division Two.

March 3, 2004.

Motion for Rehearing or Transfer to
Supreme Court Denied March 23, 2004.

Application for Transfer Denied
April 27, 2004.

Ellen H. Flottman, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Leslie E. McNamara, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JOHN E. PARRISH, Judge.

Robert Hamilton (defendant) appeals his conviction for the offense of tampering with a judicial officer. § 565.084.[1] He was charged as, found to be, and sentenced as a persistent offender. § 558.016.3 and .7(3). This court affirms.

Defendant was on parole after serving prison time. His parole officer was Virginia Gray. While at the Probation and Parole Office for an appointment with his parole officer, defendant was arrested by Webb City police officers on a parole violation warrant issued by Ms. Gray. As defendant was being escorted from the Probation and Parole Office, he looked at Ms. Gray's supervisor, Erik Theis, and told him, "You'd better make sure she's not my officer when I come out."

Defendant was taken to jail. As he was being put in a cell, he told police officer Jeremiah Woolverton that if Ms. Gray wanted to send him to a 120–day prison-based drug treatment program, she was going to love what he would do to her to get 120 years.[2] Defendant told Officer Woolverton that he "was gonna kill that bitch when he got out." Defendant had earlier told Officer Woolverton that he was

---

1. References to statutes are to RSMo 2000.

2. Ms. Gray told defendant she had recommended he be placed in a 120–day drug program prior to defendant's arrest.

"going to smack her and f___ that bitch up."

Defendant's sole point on appeal contends the trial court erred in denying his motion for judgment of acquittal because the evidence was not sufficient to establish beyond a reasonable doubt that he was guilty of tampering with a judicial officer in that it did not establish he "had the purpose to harass, intimidate or influence Ms. Gray with his threats since those threats were neither made in her presence nor can it be assumed that the threats were intended to be conveyed to her."

For purposes of appellate review, this court accepts as true the evidence at trial most favorable to the verdict. *State v. Markham*, 63 S.W.3d 701, 703 (Mo.App. 2002). Evidence to the contrary is disregarded. *Id.* "In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989).

Section 565.084  provides, as applicable here:

1. A person commits the crime of tampering with a judicial officer if, with the purpose to harass, intimidate or influence a judicial officer in the performance of such officer's official duties, he:

(1) *Threatens or causes harm to such judicial officer* or members of such judicial officer's family;

· · ·

(4) *Engages in conduct reasonably calculated to harass or alarm such judicial officer* or such judicial officer's family, including stalking pursuant to section 565.662.

2. A judicial officer for purposes of this section shall be a judge, arbitrator, special master, juvenile court commissioner, *state probation or parole officer*, or referee.

· · ·

[Emphasis added.]

Defendant sole challenge to the sufficiency of the evidence is that the threats he made occurred outside Ms. Gray's presence; that it could not be assumed he intended for the threats to be conveyed to her. That challenge fails to account for defendant's first affront to Ms. Gray. As defendant was being escorted from the Probation and Parole Office after his arrest, he told Ms. Gray's supervisor, Erik Theis, that he had better make sure Ms. Gray was not his parole officer when he came back from prison. Ms. Gray was in the room from which defendant was being removed. She heard his statement. Defendant was cursing when he made the remark.

The second part of defendant's argument is that he could not be found guilty because the evidence did not demonstrate he intended for his threats to be communicated to Ms. Gray. The statements defendant made as he was being escorted to a jail cell were made in the presence of police personnel. Violation of § 565.084 occurs whenever a person threatens a judicial officer (subsection 1(1)), or "[e]ngages in conduct reasonably calculated to harass or alarm such judicial officer" (subsection 1(4)). Two of the findings the jury had to make in order to find defendant guilty were that by making verbal statements that he would seriously harm and kill Ms. Gray, "defendant engaged in conduct reasonably calculated to alarm" her and that, in so doing, he "acted with the purpose to harass Virginia Gray in the performance of her official duties." The evidence that defendant was cursing and declaring Ms. Gray had better not be assigned his case in the future, in her presence, and later out-

side her presence, that he would physically harm or kill her, was sufficient for a reasonable juror to find defendant guilty of tampering with a judicial officer.

When defendant made threatening statements in the presence of police officers, he could logically have expected the threats to be communicated to the parole officer in order that she could take reasonable steps to protect herself. For a police officer to do otherwise would, arguably, have been dereliction of duty. The conveyance of such threats would be natural and probable consequences of defendant's acts. *See State v. Deckard,* 18 S.W.3d 495, 503 (Mo.App.2000), *quoting State v. O'Brien,* 857 S.W.2d 212, 218 (Mo. banc 1993). ("[I]t will be presumed that a person intends the natural and probable consequences of his acts.") Defendant's point is denied. The judgment of conviction is affirmed.

SHRUM, J., and RAHMEYER, C.J., concur.