Robert HAMILTON, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 27576.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 13, 2006.

Mark A. Grothoff, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Victor J. Melenbrink, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Judge.

Robert Hamilton ("Movant") appeals a judgment denying his Rule 29.15 motion for post-conviction relief from his conviction for tampering with a judicial officer, pursuant to § 565.084.[1] Movant alleges that his trial counsel was ineffective for declining to call Elizabeth Duncan to testify on his behalf and that appellate counsel was ineffective for failing to raise on his direct appeal the trial court's denial of Movant's objection to and request for mistrial for Virginia Gray's testimony concerning the details of Movant's prior conviction for assault. Finding no error in the denial of Movant's Rule 29.15 motion as alleged, we affirm.

### 1) *Factual and Procedural Background*

For a detailed account of the facts underlying Movant's conviction, see *State v. Hamilton*, 130 S.W.3d 718 (Mo.App.2004). We borrow freely from these previously published details and include additional facts as necessary for analysis in this appeal.

Movant was on parole after serving time in prison. His parole officer was Virginia Gray ("Gray"). During an appointment at the Probation and Parole Office, Movant was arrested by Webb City police officers

---

1. All rule references are to Missouri Court Rules (2006), and all statutory references are to RSMo 2000, unless otherwise stated.

on a parole violation warrant issued by Gray. Gray had recommended that Movant return to prison to complete a 120–day institutional drug treatment program. As Movant was being escorted from the building, he looked at Gray's supervisor and said, "You'd better make sure she's not my officer when I come out."

Movant was taken to jail, and while being booked, he told police officer Jeremiah Woolverton ("Officer Woolverton") that if Gray wanted to send him to a 120–day prison-based drug treatment program, "she was going to love what he would do to her to get 120 years." Movant told Officer Woolverton that he "was gonna kill that bitch when he got out." Movant had earlier told Officer Woolverton that he was "going to smack her and f___ that bitch up." Movant was charged by amended information with tampering with a judicial officer, in violation of § 565.084.

The case proceeded to trial before a jury on March 3, 2003. Before trial, Movant's trial counsel had filed a motion in limine to preclude the State from presenting evidence of prior bad acts and other crimes allegedly committed by Movant. The motion specifically asserted that such evidence would be inadmissible propensity evidence and that the probative value of such evidence would be outweighed by its prejudicial effect on the jury. The motion in limine was overruled by the court on the morning of trial.

Gray testified, and when the State asked her about Movant's "criminal history," trial counsel objected based on the grounds contained in the motion in limine and asked that the objection be continuing. The trial court overruled this objection and noted that it would be shown to be a continuing objection. Gray then told the jury that Movant had prior convictions for assault, burglary, stealing, felonious restraint, and unlawful use of a weapon. Gray added that after reviewing Movant's history, she felt he was "a danger." At the conclusion of her direct examination, Gray, in response to the question "Are you still scared?" answered: "If I didn't know his criminal history and know what he was capable of I might have not taken the threats as seriously. But he was on my case load for an assault where he and another guy tortured a mentally retarded kid." Trial counsel immediately objected, moved to strike the testimony, and requested a mistrial without stating any basis for the objection or either of the requests. The court overruled the objection and both requests.

In addition to Gray's testimony, the State presented the testimony of her supervisor and Officer Woolverton and thereafter rested. Movant rested without calling any witnesses.

The jury found Movant guilty. Movant's motion for a new trial included, in part, a claim that the trial court erred in overruling Movant's objection and request for a mistrial following Gray's testimony regarding the details of the assault and torture of a mentally retarded child by Movant. Movant's motion for a new trial was overruled, and he was sentenced by the trial court to a prison term of twenty years.[2]

On direct appeal, Movant's appellate counsel asserted that the evidence at trial was insufficient to support Movant's conviction. *Hamilton*, 130 S.W.3d at 719. This Court affirmed Movant's conviction.

**2.** Movant had been charged and proven to be a prior and persistent offender and was sentenced under an enhanced punishment.

Movant filed a *pro se* motion to vacate, set aside, or correct his judgment or sentence. Counsel was appointed, and an amended motion for post-conviction relief was filed. The motion contended that Movant received ineffective assistance of counsel, in that trial counsel failed to call Elizabeth Duncan as a witness, and appellate counsel failed to assert on direct appeal that the trial court had erred in overruling his objection and request for mistrial in response to testimony concerning the circumstances of his prior conviction for assault.

An evidentiary hearing was held on the amended motion. Trial counsel testified at the hearing and stated that his investigator had interviewed Elizabeth Duncan ("Duncan"), who was present in the Probation and Parole office lobby on the day of the incident. Duncan was subpoenaed by counsel for trial, but when she appeared she was told that she no longer was needed. Movant's trial counsel explained that at the beginning of the trial he had two theories: first, that Movant made no threats; and second, that any statements made by Movant were not calculated to harass or alarm Gray. Trial counsel stated that at some point during the trial, he elected to drop the first theory and pursue the second and therefore decided not to call Duncan as a witness.

Movant testified through deposition that he did not make any threats toward Gray. Movant stated that he wished to call Duncan because she was in the lobby and would have heard what was said. Movant said that he was told by his attorney that Duncan had said she did not hear any threats, and Movant felt she was a credible witness. Movant also offered that he never told his attorney not to call Duncan.

Duncan testified through deposition that she was interviewed by an investigator from the Public Defender's office, she showed up for Movant's trial, and that she would have testified, but was told that she was no longer needed. Duncan also said that had she been called as a witness, she would have testified that she was in the lobby when Movant was arrested, that she observed Movant being escorted all the way though the lobby, and that she did not hear Movant make any threats. Duncan further stated that she did not know Movant, but she was in such a position in the lobby that she would have heard any threats made by Movant.

Movant's appellate counsel also testified through deposition and stated that she ordinarily considers the contents of the motion for new trial when she decides which issues to raise on appeal. Appellate counsel further offered that her notes indicated that she did consider the issue of the court overruling Movant's objection to Gray's testimony concerning the details of Movant's prior conviction for assault, but she couldn't remember why she did not assert that issue.

Thereafter, the motion court issued findings of fact and conclusions of law denying Movant's motion for post-conviction relief. This appeal followed.

### 2) *Standard of Review*

Appellate review of a motion court's ruling on a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). "Findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made." *Anderson v. State*, 66 S.W.3d 770, 774 (Mo.App.2002).

### 3) *Ineffective Assistance of Trial Counsel*

In his first point on appeal, Movant argues that the motion court clearly erred in

denying his Rule 29.15 motion, because a review of the record leaves a definite and firm impression that he was denied effective assistance of counsel, in that trial counsel failed to act as a reasonably competent attorney would under the same or similar circumstances by failing to call Duncan as a witness. Movant further contends that he was prejudiced by counsel's failure to call Duncan because the jury was not given the opportunity to consider her testimony, and there is a reasonable probability that had Duncan testified, the outcome of the trial would have been different.

In order to prevail on a claim of ineffective assistance of counsel, the movant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), which requires "proof by a preponderance of the evidence that: (1) his trial counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) his defense was prejudiced as a result." *Anderson*, 66 S.W.3d. at 775. "If the movant fails to satisfy either the performance or the prejudice prong of the test, then we need not consider the other[,] and his claim of ineffective assistance of counsel must fail." *Id.*

To satisfy the performance prong of the *Strickland* test, a movant "must identify specific acts or omissions of counsel that resulted from unreasonably professional judgment," which the motion court must find are outside the range of competent assistance. *Peterson v. State*, 149 S.W.3d 583, 585 (Mo.App.2004) (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2052). In identifying such acts or omissions of counsel, the movant " 'must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all

significant decisions in the exercise of professional judgment.' " *Anderson*, 66 S.W.3d at 775 (quoting *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997)). The Supreme Court in *Strickland* refused to define "sound trial strategy," explaining that "there are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2052. A reviewing court, therefore, "[m]ust judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Because of the inherent difficulty of this review, the movant has a heavy burden to overcome the presumption that counsel was competent. *Id.* at 689, 104 S.Ct. at 2052.

■ Movant argues that his trial counsel did not act as a reasonably competent attorney would under the same or similar circumstances, since he failed to call Duncan as a witness. Movant offers that Duncan was ready and available to testify and would have aided his case, in that her testimony would show that although she was present in the lobby of the Probation and Parole office while Movant was being escorted out by police she did not hear him communicate any threats. Movant's trial counsel testified that although it was true Duncan was willing and able to testify, he changed his defense strategy while the State was presenting its case-in-chief, and Duncan's testimony would have not been helpful to the new strategy. In its findings of facts and conclusions of law, the trial court determined that trial counsel's tactic of changing strategy was reasonable and he was therefore not ineffective.

■ It is well settled that trial strategy decisions are virtually unchallengeable and

rarely furnish a ground for finding ineffective assistance of counsel. *Storey v. State*, 175 S.W.3d 116, 125 (Mo. banc 2005); *Middleton v. State*, 103 S.W.3d 726, 736–37 (Mo. banc 2003). That includes trial counsel's strategic decisions concerning the selection of the witnesses and evidence that will be presented on a defendant's behalf. *Williams v. State*, 168 S.W.3d 433, 443 (Mo. banc 2005).

In order for Movant to succeed on a claim of ineffective assistance of counsel for failure to call a witness, he must demonstrate that: (1) counsel knew or should have known of the witness's existence; (2) the witness could have been located through a reasonable investigation; (3) the witness would testify; and (4) the testimony of the witness would provide the movant with a viable defense. *Id.* "Counsel's decision to not call a witness is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the movant clearly establishes otherwise." *Id.* "If a potential witness's testimony would not unqualifiedly support a defendant, the failure to call such a witness does not constitute ineffective assistance." *Worthington v. State*, 166 S.W.3d 566, 577 (Mo. banc 2005) (quoting *State v. Jones*, 885 S.W.2d 57, 58 (Mo. App.1994)).

In this situation, Movant has demonstrated that: (1) trial counsel knew of Duncan's existence; (2) Duncan had been located; and (3) Duncan would testify. Therefore, the only issue before the motion court and us is whether Duncan's testimony would have provided Movant with a viable defense. Trial counsel testified that he began the trial with two possible defenses: (1) Movant did not make any threats; or (2) Movant's words were not spoken in a manner designed to harass or intimidate Gray. He had subpoenaed Duncan to have her ready to testify as to the first defense that no threats were made at least at the probation office where Duncan had observed Movant. After hearing the testimony of the State's witnesses, including the threats made by Movant at the jail as related by Officer Woolverton, trial counsel elected to abandon his first theory of defense and proceed on the second.

The abandonment of the first defense is supported by the facts that: the State offered evidence that Movant made threats against Gray at both the probation office and the jail; the threats made at the jail were much stronger and more direct than the threat made at the probation office; Duncan could only testify as to the lack of a threat at the probation office; and trial counsel had no evidence to challenge Officer Woolverton's testimony of the threats made at the jail. Duncan was subpoenaed to provide testimony that she did not hear any threats at the probation office; however, she would not have been able to testify as to whether any alleged threats were made at the jail. Without any evidence to challenge the threats made at the jail, Duncan's testimony that no threats were made at the probation office would not have provided Movant with a viable defense. Trial counsel's abandonment this non-viable defense was a reasonable trial strategy.

After reviewing the record, we are not left with a definite and firm impression that the motion court made a mistake in concluding that trial counsel's strategy was reasonable and that failure to call Duncan did not constitute ineffective assistance of counsel. Point I is denied.

### 4) *Ineffective assistance of appellate counsel*

In his second point, Movant alleges that he was denied effective assistance of appellate counsel, in that appellate counsel failed to act as a reasonably competent attorney by failing to assert on direct ap-

peal the trial court's error in overruling Movant's objection and request for mistrial in response to Gray's testimony concerning the circumstances of Movant's prior conviction for assault. Movant further contends that had this issue been raised, a reasonable probability exists that the appellate court would have reversed Movant's conviction.

■■ Prevailing on a claim of ineffective assistance of appellate counsel is a two-step process. *Anderson v. State*, 196 S.W.3d 28, 36 (Mo. banc 2006). In the first step, Movant must show that appellate counsel failed to raise a claim of error that a competent and effective lawyer would have recognized and asserted. *Id.* The second step depends upon whether or not appellate counsel was presented with preserved or unpreserved alleged trial court error. *Id.* If the claimed error was preserved for appellate review, then Movant must show that "the claimed error [was] sufficiently serious to create a reasonable probability that, if it was raised, the outcome of the appeal would have been different." *Id.* (quoting *Tisius v. State*, 183 S.W.3d 207, 215 (Mo. banc 2006)). If the claimed error was unpreserved, a more difficult and higher standard applies: "Where an alleged error that was not raised was not preserved, the right to relief due to ineffective assistance of appellate counsel tracks the plain error rule and requires that the error not raised be so substantial as to amount to a manifest injustice or a miscarriage of justice." *Id.* (citing *Middleton v. State*, 80 S.W.3d 799, 808 (Mo. banc 2002)). Here, we need not address whether Movant's claimed errors were preserved or unpreserved because the trial court's rulings were not erroneous. Therefore, even if preserved, Movant cannot show that there is a reasonable probability that the outcome of his appeal would have been different even if appellate counsel had raised this issue on appeal. *Id.*

■ In its findings of fact and conclusions of law, the motion court determined that under these circumstances, evidence of Movant's prior convictions, as well as the details of those convictions, were admissible under the holding in *State v. McGirk*, 999 S.W.2d 298 (Mo.App.1999). The motion court concluded that, as in *McGirk*, the evidence was admissible to show that Movant acted with purpose. We agree.

The defendant in *McGirk* was also charged with tampering with a judicial officer pursuant to § 565.084, after allegedly threatening a judge. At trial, the State sought to admit evidence that the defendant had previously appeared two times before the judge on charges of assault and unlawful use of a weapon. *Id.* at 303–04. On appeal, the Western District held:

> Judge Fleming's testimony shows that, by virtue of [defendant] having twice appeared before him on charges of violent crime, [defendant] knew or should have known that Judge Fleming had some reason to suspect [defendant] was capable of being violent. Evidence of prior bad acts is inadmissible for the purpose of showing the propensity of the defendant to commit those acts. *State v. Morrison*, 980 S.W.2d 332, 334 (Mo. App.1998). However, evidence of prior bad acts is admissible if it is logically and legally relevant and tends to establish motive, intent, absence of mistake or accident, or a common plan or scheme. *Id.* [Defendant's] prior charges for assault and unlawful use of a weapon are relevant to the extent they infer that [defendant] believed Judge Fleming would take him seriously and would be influenced by his threat. Thus, the evidence of prior charges tends to establish that [defendant's] motive and intent for

saying "I'll take care of you" was to alarm the Judge with the purpose of intimidating or influencing him. It tends to show that [defendant] acted with purpose.

*Id.*

The elements of the crime are gleaned from § 565.084.1, which provides, in pertinent part:

A person commits the crime of tampering with a judicial officer if, with the purpose to harass, intimidate or influence a judicial officer in the performance of such officer's official duties, he:

(1) Threatens or causes harm to such judicial officer or members of such judicial officer's family;

* * * *

(4) Engages in conduct reasonably calculated to harass or alarm such judicial officer or such judicial officer's family, including stalking pursuant to section 565.225.

McGirk was charged and convicted under subdivision one of this subsection, while Movant was charged and convicted under subdivision four. Both require proof that the defendant acted "with the purpose to harass, intimidate or influence a judicial officer in the performance of such officer's official duties." As in *McGirk,* the evidence of Movant's criminal history and the circumstances giving rise to that history were admissible here to show that Movant acted with such purpose.

In addition, in the instant case, the State was required to prove an element that was not present in *McGirk,* i.e., that Movant engaged in "conduct reasonably calculated to harass or alarm such judicial officer." § 565.084.1(4). Movant knew that Gray, his probation officer, was aware of his previous crimes and his actions giving rise to those convictions. It is reasonable to infer that Movant acted in the manner in which he did in order to alarm Gray, because he was aware that she knew of his propensities. The trial court allowed Gray to testify as to her knowledge of Movant's prior history to illustrate that when Movant spoke, his words were reasonably calculated to cause alarm to Gray. The trial court in this instance was correct in admitting into evidence Movant's prior criminal history and its factual details. Thus, even if appellate counsel had raised the issue on appeal, it would not have required reversal. Without a reversal being required, appellate counsel could not have been ineffective in failing to raise this issue on direct appeal. The findings of the trial court are not clearly erroneous. Point II is denied.

**5) *Conclusion***

The trial court's judgment overruling Movant's Rule 29.15 motion is affirmed.

BATES, P.J./C.J., and BARNEY, J., concur.