**Roy E. SAMUEL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 69273.**

Missouri Court of Appeals, Western District.

Feb. 27, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 2009.

Application for Transfer Denied June 30, 2009.

Jay T. Grodsky, Leawood, KS, for appellant.

Chris Koster, Mary H. Moore, Jefferson City, MO, for respondent.

Before LISA W. HARDWICK, P.J., VICTOR C. HOWARD and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

Roy Samuel (Samuel) appeals the denial of his Rule 24.035 motion for post-conviction relief based on ineffective assistance of plea counsel. In his motion, Samuel alleged that his counsel was ineffective for promising Samuel that he would receive a five year sentence if he rejected the state's offer of eight years' imprisonment and pled guilty to the court without the benefit of any plea agreement.

**Factual and Procedural Background**

Samuel pled guilty to first degree burglary and misdemeanor stealing in connection with his breaking into an occupied residence. He testified at his plea hearing that he understood he did not have to plead guilty, that he understood his constitutional rights, and that he was voluntarily pleading guilty. At no point in the proceedings did the court or counsel inquire as to whether any promises were made to Samuel regarding his sentence. Samuel then allowed the court to impose his sentence, without the benefit of a plea agreement, having rejected an offer by the state of eight years in the Department of Corrections.

At sentencing, the court questioned Samuel and Detective James Vaca, who investigated the case. Detective Vaca testified that both the victim and her infant child, who were hiding in a closet at the time of the burglary, were visibly upset when he arrived at the scene. He also stated that Samuel, who had a lengthy criminal record which included prior burglaries, was suspected in a string of recent burglaries.

Samuel's counsel asked the court for a sentence of five years. The court then asked Samuel if he understood that, because the house was occupied at the time of the burglary, he was charged with a class B felony, which carried a sentence range of five to fifteen years. Samuel replied that he understood. The court then discussed with Samuel his nine previous burglary convictions and his other charges or convictions for stealing, assault on a police officer, tampering, and other crimes. The court sentenced Samuel to twelve years in the Department of Corrections.

Samuel filed a motion to vacate, set aside, or correct his sentence under Rule 24.035, claiming ineffective assistance of counsel. The court issued findings of fact and conclusions of law, and concluded that Samuel failed to meet his burden to prove ineffective assistance. The court found that, "[a]t no time did or could counsel promise the defendant a five year sentence," and denied the motion. Samuel appeals.

## Standard of Review

Our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035.(k). Findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005).

## Discussion

Samuel's sole point on appeal is a contention that the trial court erred in denying his Rule 24.035 motion because his counsel was ineffective in (1) promising Samuel that he would receive a five year sentence if he pled straight to the court, (2) advising Samuel to reject the state's offer of eight years, (3) failing to advise Samuel of the range of punishment for his conviction, (4) not setting out the range of punishment on the record "so the guilty plea could have been a knowing and voluntary plea," and (5) failing to make clear on the record that Samuel was questioned as to whether promises or threats had been made to induce him to plead guilty.

In order to prevail on a claim of ineffective assistance of counsel, the movant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687[ 104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), which requires proof by a preponderance of the evidence that: (1) his trial counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) his defense was prejudiced as a result . . . . If the movant fails to satisfy either the performance or the prejudice prong of the test, then we need not consider the other, and his claim of ineffective assistance of counsel must fail.

*Hamilton v. State*, 208 S.W.3d 344, 348 (Mo.App. S.D.2006) (internal citations omitted).

As to the performance prong of this test, Samuel "must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Id.* Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. White*, 798 S.W.2d 694, 697 (Mo. banc 1990) (internal quotation marks omitted).

■ The circuit court, in its order denying Samuel's motion, made a finding that "[t]he judge properly admonished the movant advising him of his right to trial *and ensuring that he understood that no promises had been made as to how he was to be sentenced* and that the judge was allowed to consider the full range of punishment in making his decision." (emphasis added). The court also found that "[a]t no time did or could counsel promise the defendant a five year sentence." However, a review of the plea hearing transcript reveals that neither the court nor counsel at any time made a comment or inquiry concerning whether promises had been made to Samuel. As such, these findings are unsupported by the record, and are therefore clearly erroneous.[1]

■ When questioning a defendant during a guilty plea hearing, it is always ad-

---

1. Although Samuel's point relied on does not allege that the court, as opposed to his counsel, erred by failing to query as to whether promises had been made to him regarding his sentence, the issues are inextricably related and Samuel does request an evidentiary hearing in his prayer for relief. We therefore address the hearing court's error.

visable to ask the defendant the following question: "Has your attorney or anyone else made any threats or promises to you whatsoever in order to convince you to plead guilty?"

 We also find that there is a reasonable probability that, had the court, after questioning the defendant, determined that defense counsel *had* promised Samuel that he would have received no more than a five year sentence in exchange for a plea straight up to the court, the court could have resolved the matter on the record in open court. "If the accused has been misled or induced to plead guilty by fraud, mistake, misapprehension, fear, coercion, *or promises,* the defendant should be permitted to withdraw his guilty plea." *Hampton v. State,* 877 S.W.2d 250, 252 (Mo.App. W.D.1994) (emphasis added). This is because such misleading statements affect the voluntariness of the plea, which implicates the pleader's fundamental rights under the Missouri and United States Constitutions. *State v. Shafer,* 969 S.W.2d 719, 731–32 (Mo. banc 1998). For this reason, the movant "is entitled to an evidentiary hearing on the issue of the voluntariness of his plea where the record of the guilty plea proceeding does not conclusively show that his plea was made voluntarily and intelligently." *Reeder v. State,* 712 S.W.2d 431, 433 (Mo.App. E.D. 1986).

If Samuel pled guilty because he was assured by counsel that he would receive a five year sentence, counsel was ineffective and Samuel was prejudiced when the court sentenced him to twelve years in the Missouri Department of Corrections.

The *credibility* of the movant's claim is not at issue here. The issue is simply whether the claim, if true, amounts to ineffective assistance of counsel and whether the record, absent an evidentiary hearing on this motion, clearly refutes movant's claim.

### Conclusion

Because the record here does not conclusively show that promises were not made by Samuel's attorney to Samuel regarding his sentence, he is entitled to a hearing. We remand the case to the circuit court for an evidentiary hearing on the issue of whether the guilty plea was knowingly and voluntarily entered.

All concur.