In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

JOHN R. STARKS III, ) No. ED109555
 )
 Appellant, ) Appeal from the Circuit Court
 ) for the City of St. Louis
v. ) Cause No. 1822-CC00471
 )
STATE OF MISSOURI, ) Honorable James E. Sullivan
 )
 Respondent. ) Filed: December 14, 2021

 Introduction

 John R. Starks III appeals from the circuit court’s judgment overruling his motion for

postconviction relief under Rule 24.035 without an evidentiary hearing.1 Starks argues that his

guilty plea was not knowingly and voluntarily entered because his counsel erroneously assured

him that the court would sentence him to probation if he pleaded guilty to twelve counts of second-

degree burglary without a plea agreement in place. Starks asserts that, had he known the court

would sentence him to ten years of imprisonment, he would have taken his case to trial, rather than

entering a blind plea. Because Starks’s allegations are conclusively refuted by the record, the

circuit court did not clearly err in overruling Starks’s motion without an evidentiary hearing. The

judgment is affirmed.

1
 All Rule references are to Supreme Court Rules (2018) unless otherwise indicated.
 Factual and Procedural Background

 On December 22, 2017, Starks pleaded guilty to twelve counts of second-degree burglary.

At the outset of Starks’s plea hearing, defense counsel informed the circuit court that Starks wished

to plead guilty but had no prior agreement with the prosecutor. The circuit court then conducted

an inquiry into the voluntariness of Starks’s plea. During that inquiry, Starks testified as follows:

 Q: Do you understand that if I accept your plea of guilty to the charges pending
 before the Court, it will be completely up to me what sentence you receive within
 the range of punishment set by statute or whether I grant you probation or place
 you in some type of treatment program? You understand?

 A: Yes, sir.

 Q: Has anyone promised you that you will get probation, drug treatment, or what
 sentence you will receive?

 A: No, sir.

 Q: Do you understand that you cannot take back your plea of guilty if I decide not
 to put you on probation, place you in a drug treatment program and instead sentence
 you to a prison term?

 A: Yes, sir.

 Q: Is there anything about all this that you don’t understand or have any questions
 about?

 A: No, sir.

 Q: Do you still wish to proceed with your plea of guilty?

 A: Yes, sir.

 The circuit court also informed Starks that the State charged him as a prior and persistent

offender, which subjected Starks to an enhanced range of punishment. The prosecutor read Starks’s

prior convictions into the record without opposition from defense counsel, and the court made a

finding that Starks was a prior and persistent offender. The court then informed Starks that the

sentencing range was up to ten years in prison and a $10,000 fine for each of the twelve burglary

 2
counts. Starks testified that he understood the range of punishment for each count and the rights

he was giving up by pleading guilty, including the right to a trial by jury, the right of assistance of

counsel at trial, and the presumption of innocence. Starks then testified as follows:

 Q: Has your attorney or anyone made any promises or threats to you or any member
 of your family to get you to plead guilty?

 A: No, sir.

 Q: Are you pleading guilty voluntarily and of your own free will?

 A: Yes, sir.

 ...

 Q: So it is your desire today to intentionally, voluntarily, and knowingly plead
 guilty to each of the 12 counts; is that correct?

 A: Yes, sir.

 Starks entered his guilty plea and admitted that between January 20, 2017, and June 11,

2017, he committed the crime of second-degree burglary on twelve separate occasions. The court

accepted Starks’s plea as “made voluntarily and intelligently with a full understanding of the

charges, the range of punishment on each charge and the consequences of the guilty plea, with a

full understanding of his rights in a jury trial and effect of a plea on those rights.” After the court’s

acceptance of the plea, the court asked Starks another series of questions confirming his

understanding:

 Q: Do you understand it’s completely up to me as to whether I sentence you to a
 prison term, place you on probation, or place you in any other type of treatment
 program? You understand sir?

 A: Yes, sir.

 Q: [The Sentencing Assessment Report] will include information on circumstances
 of the charges to which you pled guilty, your prior criminal history, relevant
 information on your personal and family history, and the impact of the crimes on
 any victims. Do you understand that even if the report recommends that you be

 3
 placed on probation or in a drug treatment program, I’m not required to follow that
 recommendation?

 A: Yes, sir.

 Q: And, quite frankly, I could still sentence you to the Missouri Department of
 Corrections. Do you understand, sir?

 A: Yes, sir.

 Q: Has anyone promised you that you will get probation, drug treatment or what
 sentence you will receive?

 A: No, sir.

 Q: Is there anything about this that you don’t understand, sir?

 A: No, sir.

 On January 26, 2018, the circuit court sentenced Starks as a prior and persistent offender

to concurrent sentences of ten years of imprisonment on each count. The court found no probable

cause to believe that Starks received ineffective assistance of counsel.

 On March 5, 2018, Starks timely filed his pro se motion pursuant to Rule 24.035. On

December 20, 2018, counsel from the Missouri Public Defender’s Office filed an amended motion

and request for evidentiary hearing. Starks’s amended motion alleged that his guilty plea was not

voluntarily, knowingly, and intelligently made because his counsel led him to believe that if he

entered a blind plea on all counts the court would sentence him to probation. Starks claims that

had he known the court would sentence him to imprisonment he would not have pleaded guilty.

 On February 3, 2021, the circuit court issued findings of fact, conclusions of law, and an

order overruling Starks’s motion without an evidentiary hearing. The court found that Starks failed

to allege grounds that would entitle him to relief that were not refuted by the record because the

record conclusively demonstrated that Starks was not promised a particular sentence. This appeal

follows.

 4
 Standard of Review

 We review the denial of post-conviction relief to determine “whether the motion court's

findings of fact and conclusions of law are clearly erroneous.” Anderson v. State, 564 S.W.3d 592,

600 (Mo. banc 2018). This Court begins with the presumption that the findings and conclusions of

the circuit court are correct. Wilson v. State, 813 S.W.2d 833, 835 (Mo. banc 1991). “The motion

court's findings and conclusions are clearly erroneous only if, after review of the record, the

appellate court is left with the definite and firm impression that a mistake has been made.” Cooper

v. State, 356 S.W.3d 148, 152 (Mo. banc 2011).

 Analysis

 In Starks’s sole point on appeal, he asserts that the circuit court erred in overruling his Rule

24.035 motion without an evidentiary hearing. Starks argues that the circuit court erred in not

conducting an evidentiary hearing to allow him an opportunity to prove that he had a reasonable,

albeit mistaken, belief about the sentence he would receive if he pleaded guilty. In response, the

State argues that the record clearly and specifically refutes Starks’s allegations because Starks’s

testimony at the plea hearing demonstrates he understood that his sentence was entirely up to the

court and no one had promised him he would receive any particular sentence in exchange for his

plea. We agree with the State.

 To be entitled to an evidentiary hearing on a Rule 24.035 motion, the movant must (1)

allege facts, not conclusions, warranting relief; (2) that are not refuted by the record; and (3) result

in prejudice to the movant. Stanley v. State, 420 S.W.3d 532, 544 (Mo. banc 2014). A hearing is

not required when the motion, files, and record conclusively show the movant is not entitled to

relief. Id.; Rule 24.035(h).

 5
 When the movant claims ineffective assistance of counsel, the movant must allege facts,

not refuted by the record, that show “counsel’s performance did not conform to the degree of skill,

care and diligence of a reasonably competent attorney,” resulting in prejudice to the movant.

Matthews v. State, 175 S.W.3d 110, 113 (Mo. banc 2005). After a guilty plea, review is limited to

determining whether the movant knowingly and voluntarily entered the plea. Gales v. State, 533

S.W.3d 796, 799 (Mo. App. E.D. 2017). Counsel’s performance is only material to the extent that

it impacts the voluntariness and knowledge with which the movant pleaded guilty. Hagan v. State,

836 S.W.2d 459, 463 (Mo. banc 1992); Hayes v. State, 466 S.W.3d 39, 42 (Mo. App. E.D. 2015).

Prejudice exists where the movant shows that, but for counsel’s ineffective assistance, he would

not have pleaded guilty and would have insisted on taking his case to trial. Taylor v. State, 456

S.W.3d 528, 534 (Mo. App. E.D. 2015).

 “When a movant claims to have [pleaded] guilty based on a mistaken belief about a

sentence, the test is whether a reasonable basis exists in the record for such belief.” Bates v. State,

421 S.W.3d 547, 553 (Mo. App. E.D. 2014). “A plea does not become involuntary because a

movant expects a lighter sentence than that actually received.” Id. (quoting Cope v. State, 989

S.W.2d 265, 266 (Mo. App. E.D. 1999)). If an examination of the guilty plea proceedings directly

refutes the claim that movant’s plea was involuntary, the movant is not entitled to an evidentiary

hearing. Cain v. State, 859 S.W.2d 715, 717 (Mo. App. E.D. 1993).

 “To justify the denial of an evidentiary hearing on an ineffective assistance of counsel

claim, the record must be specific enough to refute conclusively the movant’s allegation[s].”

Whitehead v. State, 481 S.W.3d 116, 126 (Mo. App. E.D. 2016) (quoting Mitchell v. State, 439

S.W.3d 820, 822 (Mo. App. E.D. 2014)). “[A] negative response to a routine inquiry whether any

promise other than stated on the record had been made is too general to encompass all possible

 6
statements by counsel to his client.” Webb v. State, 334 S.W.3d 126, 129 (Mo. banc 2011) (quoting

Shackleford v. State, 51 S.W.3d 125, 128 (Mo. App. W.D. 2001)).

 Here, the record conclusively demonstrates that when Starks entered his plea, he knew that

his sentence was entirely at the court’s discretion and that probation was not guaranteed. The

circuit court asked Starks several questions specifically relating to the availability of probation.

Starks confirmed that he understood that whether he received probation or any other sentence was

entirely up to the circuit court. He also confirmed that he knew that he could not take back his

guilty plea if the court did not put him on probation. Starks denied that anyone had promised him

that he would receive probation. Starks also affirmed that he understood his status as a prior and

persistent offender subjected him to up to ten years in prison for each burglary charge.

 After Starks entered his plea, but before concluding the plea hearing, the circuit court again

asked Starks about his understanding of his plea. Starks once again confirmed that he understood

there was no guarantee that he would receive probation. Starks stated that he understood, even if

the Sentencing Assessment Report recommended that he be placed on probation or in a drug

treatment program, the court was not required to follow that recommendation and it was entirely

up to the court whether he was sentenced to a prison term or placed on probation. Starks confirmed

for a third time that no one promised he would receive probation. The record provides no

reasonable basis for Starks to expect any particular sentence, conclusively refuting his claim that

his counsel’s assurance rendered his plea involuntary. To the extent that Starks now claims that

his counsel promised him he would receive probation, that allegation is also specifically refuted

by the record.

 Starks argues that this Court should follow Samuel v. State, 284 S.W.3d 616 (Mo. App.

W.D. 2009), and remand for an evidentiary hearing. In Samuel, the movant alleged that his counsel

 7
had incorrectly promised him that he would be sentenced to five years in prison if he entered a

blind plea to a charge of first-degree burglary. Id. at 617–618. After entering his plea, the circuit

court sentenced the movant to twelve years in prison. Id. at 617. Samuel then sought postconviction

relief from his plea, arguing that he would not have pleaded guilty but for his counsel’s erroneous

promise. Id. On appeal, this Court remanded for an evidentiary hearing, holding that the record did

not clearly refute the allegations. Id. at 619. Though Samuel alleged that his counsel promised him

he would be sentenced to five years, neither the circuit court nor Samuel’s counsel inquired into

whether such promises had been made. Id. at 618. Nothing in the record before the court

conclusively demonstrated that Samuel was aware that the circuit court had discretion to deviate

from the five-year sentence requested by Samuel’s counsel. See id. As a result, this Court held that

Samuel was entitled to an evidentiary hearing. Id. at 619.

 Unlike in Samuel, the circuit court here made multiple direct inquiries into the very issue

Starks claims entitles him to relief. There can be little doubt after reading the record of Starks’s

plea hearing, that Starks was aware that probation was not guaranteed. At the plea hearing, the

court made numerous inquiries regarding whether Starks had been promised a particular sentence.

The record shows that Starks testified multiple times to his understanding that the court would

decide his sentence and that no one promised he would receive probation. The circuit court’s

questions, and Starks’s answers thereto, were direct, specific, and conclusively refute Starks’s

claim that he believed he would receive probation.

 Starks’s case is more similar to Bates v. State, 421 S.W.3d 547 (Mo. App. E.D. 2014). In

Bates, the movant alleged that his counsel was ineffective in advising that he would receive a

twelve-year sentence if he pleaded guilty, but Bates was ultimately sentenced to eighteen years.

Id. at 553. Like Starks, the movant in Bates entered a blind plea without an agreed-to sentencing

 8
recommendation, and like Starks, the movant in Bates testified that he understood that the circuit

court could impose any sentence it deemed appropriate. Id. Given the movant’s testimony in Bates,

this Court held that “Bates’s alleged reliance on counsel’s advice that he would receive twelve

years is refuted by the record demonstrating that Bates knew the length of his sentence was

completely at the judge’s discretion and that no particular sentence was promised.” Id. at 554.

 A review of the entire record here indicates that the circuit court did not clearly err in

determining that Starks knowingly and voluntarily entered his guilty plea. Starks repeatedly

confirmed his understanding that the court alone would determine whether he would receive

probation or be sentenced to prison. Starks also repeatedly denied that anyone promised he would

be placed on probation. As in Bates, Starks’s alleged reliance on counsel’s advice that he would

receive probation in exchange for a guilty plea is conclusively refuted by the record. Starks had no

reasonable basis to expect any particular sentence, thereby refuting his claim that he involuntarily

entered his plea. As a result, the circuit court did not clearly err in overruling Starks’s motion

without an evidentiary hearing.

 Conclusion

 For the foregoing reasons, the circuit court’s judgment is affirmed.

 ________________________
 John P. Torbitzky, J.

Kurt S. Odenwald, P.J., and
Kelly C. Broniec, J., concur.

 9